# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**UNITED STATES OF AMERICA**

-v-                                              Case No.: 8:15-CR-420-T-JSM-TBM

**OVIDIO PINILLO SALAS**
_____/

### OVIDIO PINILLO SALAS' SENTENCING MEMORANDUM

The Defendant, Ovidio Pinillo Salas, by and through his undersigned counsel, responds to the Presentence Report (PSR) and submits this Motion for Downward Departure, and would show:

### FACTS

Ovidio Pinillo Salas was a member of a go-fast transporting drugs. He was hired to be the load guard. His responsibility as the load guard was simply to make sure the drugs were not disposed of by the crew and to ensure the drugs were, in fact, delivered. He had no ownership interest in the drugs. He was not paid much compared to the value of the drugs. He had no decision-making authority. He had no role in planning the venture. There were others involved in the drug venture such as the owners of the drugs, the buyers of the drugs, the organizers of the trip and those who hired the crew and the defendant.

### ARGUMENT

### MINOR ROLE/ BASE OFFENSE LEVEL

The seminal case is *USA v. Rodriguez de Varon*, 175 F3d 930 (11th Cir 1999). In that case, the defendant was caught smuggling heroin she ingested. She was charged with the amount

of drugs she was actually carrying. The court stated that it did "not create a presumption that drug couriers are never minor or minimal participants, any more than they are always minor or minimal." *Id*. at 943. The court held that the district court was required to "assess all the facts probative of the defendant's role in her relevant conduct in evaluating the defendant's role in the offense." *Id*. The court set a two prong analysis to be used in determining whether an adjustment for minor participant is warranted. *Id*. "First, and most importantly, the district court must measure the defendant's role against the relevant conduct for which she was held accountable at sentencing. . . . Second, the district court may also measure the defendant's role against the other participants, to the extent that they are discernable, in that relevant conduct. *Id* at 945.

> In making the ultimate finding as to role in the offense, the district court should look to each of these principles and measure the discernable facts against them. In the drug courier context, examples of some relevant factual considerations include: amount of drugs, fair market value of drugs, amount of money to be paid to the courier, equity interest in the drugs, role in planning the criminal scheme, and role in the distribution.

*Id*..

The guidelines adopted the approach in *Rodriguez de Varon* in determining if a person qualified for a mitigating role because it did "not automatically preclude a defendant from being considered for a mitigating role adjustment in a case which the defendant is held accountable under §1B1.3 solely for the amount of drugs the defendant personally handled." U.S.S.G. Appendix C Amend 635.

> The substantive impact of this amendment. . . is to provide , in the context of a drug courier, for example, that the court is not precluded from considering a §3B1.2 adjustment simply because the defendant's role in the offense was limited to transporting or storing drugs, and the defendant was accountable under §1B1.3 only for the quantity of drugs the defendant personally transported or stored.

*Id*.

The United States Sentencing Commission made changes to U.S.S.G. § 3B1.2 which,

went into effect on November 1, 2015. The changes were made because the adjustment was not being applied uniformly among the Circuits and the adjustment was not being applied as often as the Commission intended. The changes to Application note 3(C) are as follows:

> In determining whether to apply subsection (a) or (b), or an intermediate adjustment, the court should consider the following non-exhaustive list of factors:
> (i) the degree to which the defendant understood the scope and structure of the criminal activity;
> (ii) the degree to which the defendant participated in planning or organizing the criminal activity;
> (iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;
> (iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts;
> (v) the degree to which the defendant stood to benefit from the criminal activity.
>
> For example, a defendant who does not have a proprietary interest in the criminal activity and who is simply being paid to perform certain tasks should be considered for an adjustment under this guideline.
>
> The fact that a defendant performs an essential or indispensable role in the criminal
> activity is not determinative. Such a defendant may receive an adjustment under this
> guideline if he or she is substantially less culpable than the average participant in the
> criminal activity.

U.S.S.G. § 3B1.2 Application Note 3(C)(2015).

These changes weigh in Mr. Pinillo Salas' favor. Mr. Pinillo Salas was hired to be the load guard for this trip, to ensure that the drugs were delivered and that the crew did not dispose of the drugs. He was not aware of the scope and structure of the organization apart from the people who hired him (factor I). He did not participate in planning or organizing these trips other than to perform the tasks he was assigned by those who hired him (factor ii). He had no decision-

making authority or have influence over decision making (factor iii). He had no discretion he did as he was told (factor iv). Mr. Pinillo Salas was paid very little (factor v).

Additionally, the last two paragraphs of the changes support giving Mr. Pinillo Salas a variance because of his role in this case. As the second paragraph states, a defendant who, like Mr. Pinillo Salas, does not have a proprietary interest in the criminal activity and who is simply being paid to perform certain tasks should be considered for an adjustment under this guideline. He should receive an adjustment because he is less culpable than the average participant. A person like Mr. Pinillo Salas who just performed tasks as he was directed is a minimal or minor participant. He should not be held responsible to the same degree as the organizers, financiers, buyer. All of these individuals are more culpable than Mr. Pinillo Salas. To do so would effectively make the mitigating role adjustment meaningless. Thus, Mr. Pinillo Salas should receive a variance based on the changes to the guidelines for mitigating role.

Even applying the analysis of *Rodriguez de Varon*; which has arguably been diminished if not overruled by the change in the guideline; to Mr. Pinillo Salas's situation, he should receive an adjustment for minor participant. Mr. Pinillo Salas had no ownership interest in the drugs; he was paid little in comparison to the value of the drugs; the value of the drugs were substantial; the amount of drugs was substantial. There were more individuals than Mr. Pinillo Salas and the crew of the go-fast that were involved such as the owners of the drugs; the buyers of the drugs; the organizers of the trip and the people who hired the crew and Mr. Pinillo Salas. All of these individuals are more culpable than Mr. Pinillo Salas. A review of the *Rodriguez de Varon* factors demonstrate that Mr. Pinillo Salas was merely a pawn in the transport of the drugs and should be granted a role adjustment as a minor participant. He should not be held responsible to the same degree as the others mentioned above that were more culpable than he was. Thus, Mr.

Pinillo Salas' base offense level should be 34.

SENTENCING FACTORS TO BE CONSIDERED

In determining a reasonable sentence the court must consider the factors in 18 U.S.C §3553 after calculating and considering the sentencing guidelines. *Rita v. United States*, 551 U.S. 338, 127 S. Ct. 2456 (2007).

**1. Nature and circumstances of the offense and the history and characteristics of the defendant.**

Mr. Pinillo Salas became involved in this activity, as many people do, out of need. He has no prior record of criminal activity.

**2. The need for the sentence imposed**

A. To reflect the seriousness of the offense, to promote respect for the law and to provide just punishment;

B. To afford adequate deterrence to criminal conduct;

C. To protect the public form further crimes of the defendant;

Mr. Pinillo Salas realizes that he made a huge mistake. He has no prior record. A sentence of 120 months would be adequate deterrence and would protect the public from further crimes of the defendant. A sentence of 120months would be just punishment in light of his role in this offense.

**3. The kinds of sentences available;**

A sentence of 120 months is available in this case.

**4. The kinds of sentence and the sentencing range established;**

A sentence of 120 months is the mandatory minimum and would be above the guideline range if this court finds Mr. Pinillo Salas is a minor participant.

**5. Any pertinent policy statement;**

In light of the United States sentencing Commission's changes to mitigating role adjustment, it is clear that the policy statement of the Commission is that the mitigating role adjustments should be applied to defendants like Mr. Pinillo Salas more often.

**6. The need to avoid unwarranted sentencing disparities.**

Sentencing Mr. Pinillo Salas to 120 months imprisonment should not trigger any arguments of sentencing disparity in light of his role in the offense

**7. The need for restitution.**

There is no restitution in this case.

CONCLUSION

For the foregoing reasons, and pursuant to the authority stated above, Ovidio Pinillo Salas respectfully requests that this Honorable Court grant his objections to the PSR and to grant the requested adjustments and variances to the guidelines.

Respectfully submitted,
/S/ Pedro L. Amador, Jr.
Pedro L. Amador, Jr.
Florida Bar No.: 0007330
2203 N. Lois Avenue, Suite 925
Tampa, Florida 33607
Telephone: (813) 250-0556
Facsimile: (813) 870-3913
Email: pamador@amadorlawfirm.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and exact copy of the foregoing was furnished via electronic filing U. S. Mail to Assistant United States Attorney James Preston, 400 N. Tampa Street, Suite 3200, Tampa, FL 33602, this 29th day of March, 2016.

/s/ Pedro L. Amador, Jr.

PEDRO L. AMADOR, JR.
Attorney at Law
Florida Bar No.: 0007330